THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KATHERINE HOLTON            :
                            :
            Plaintiff       :
    v.                      :      3:10-CV-2396
                            :      (JUDGE MARIANI)
MEGAN HUFF                  :
NESTICO, DRUBY & HILDEBRAND, PC  :
            Defendants       :

## MEMORANDUM OPINION

### I.    Introduction and Statement of Facts

Before the Court are the parties' cross-motions for summary judgment. (Docs. 21,

24). Defendants assert that Plaintiff owes an outstanding debt to their client, and Plaintiff

admits that she took out a debt of $6,143.57 to Equity One, Inc.[1] in December 2007. (Doc.

21, Ex. D). In June 2010, she stopped making payments under the loan (Doc. 31, Ex. A, ¶

5), leaving a balance of over $5,000. The sole basis for her present claim is that in October

2010, Defendants filed a debt action against her in state court in an improper venue.

Under the Fair Debt Collection Practices Act ("FDCPA"), venue lies "in the judicial

district or similar legal entity: (A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action." 15 U.S.C §

1692i(a)(2). Plaintiff signed the contract in Hazleton, in Luzerne County (Req. for Adm.,

Doc. 21, Ex. C, ¶ 13; Ex. D), and at the time Defendants filed the underlying state court

---

[1] Equity One later transferred the loan to American General Consumer Discount Co. ("AGCDC"), and Plaintiff made payment to AGCDC. (Doc. 31, Ex. A, ¶¶ 3, 4). AGCDC is now known as Springleaf Financial Services of Pennsylvania, Inc. (Doc. 22, at 1).

action against her, she lived in Carbon County. (Doc. 31, Ex. B). Therefore, under the FDCPA, proper venue would have been in either Luzerne or Carbon County.

Before she defaulted on the debt, she had been making payments in Columbia County (Doc. 31, Ex. A, ¶ 4), which is where Defendants filed the debt action. Plaintiff argues that the courthouse in Columbia County is more than 100 miles away from her residence in Carbon County. As such, her attorney wrote a letter to the presiding judge (Richard Cashman), requesting that the action be dismissed for improper venue. (Nov. 10, 2010 Letter, Doc. 31, Ex. C). On November 19, 2010, Defendants voluntarily withdrew the complaint, and Judge Cashman dismissed the case without prejudice. (Doc. 31, Ex. A, ¶¶ 10, 11). These facts are undisputed.

The parties also agree that Plaintiff is a "consumer," and Defendants attempted to collect a "consumer debt" under the FDCPA, but Defendants deny being "debt collectors" under the Act. Defendants were aware that Plaintiff resided in Carbon County, as evidenced by the underlying state court complaint (Doc. 31, Ex. B), but dispute that at the time they filed the state court action they possessed a copy of the original contract. (Megan Huff Aff., Doc. 31, Ex. E). They were, therefore, unaware that the contract had been formed in Luzerne County.

Discovery has closed and the parties have been unsuccessful in their attempts at settlement. The parties filed cross-motions for summary judgment. Plaintiff seeks a determination as to liability only, reserving the issue of damages to a jury.

## II.   Standard of Review

Through summary adjudication the court may dispose of those claims that do not

present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a).  Summary judgment

"should be rendered if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*,

901 F.2d 335, 340 (3d Cir. 1990).  "As to materiality, ... [o]nly disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party

moving for summary judgment bears the burden of showing the absence of a genuine issue as

to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once such a showing

has been made, the non-moving party must offer specific facts contradicting those averred by

the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.

871, 888 (1990).  "Inferences should be drawn in the light most favorable to the non-moving

party, and where the non-moving party's evidence contradicts the movant's, then the non-

movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358,

1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).  In this case, the parties have filed

cross-motions for summary judgment. (Docs. 32, 40, 45).  According to the Third Circuit:

> Cross-motions are no more than a claim by each side that it alone is entitled
> to summary judgment, and the making of such inherently contradictory
> claims does not constitute an agreement that if one is rejected the other is
> necessarily justified or that the losing party waives judicial consideration and
> determination whether genuine issues of material fact exist.

*Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir.2008) (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir.1968)). Each movant must show that no genuine issue of material fact exists; if both parties fail to carry their respective burdens, the court must deny the motions. *See Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007, 1023 (3d Cir.2008). When reviewing each motion, the court is bound to view the evidence in the light most favorable to the nonmovant. FED. R. CIV. P. 56; *United States v. Hall*, 730 F.Supp. 646, 648 (M.D. Pa.1980).

## III.   Analysis

### a.   Defendants are "debt collectors" under the FDCPA

In response to Plaintiff's Statement of Facts, Defendants deny that they are "debt collectors" under the FDCPA. (Doc. 31).  15 U.S.C. § 1692a(6) defines debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Based on Defendants' admissions and responses to interrogatories, the Court concludes that as a matter of law, they are "debt collectors" under the FDCPA. *See Silva v. Mid Atl. Mgmt. Corp.*, 277 F. Supp. 2d 460, 466 (E.D. Pa. 2003) (finding defendant "regularly engaged in debt collection practices under the FDCPA by consistently accepting at least 10 debt collection matters every year" and "debt collection services may be rendered 'regularly' even though these services may amount to a small fraction of the firm's total activity."); *Littles v. Lieberman*, 90 B.R. 700, 707 (E.D. Pa. 1988) (concluding that

FDCPA applies to attorneys "with a general practice including a minor but regular practice in debt collection").

Defendants admitted that debt collection constituted 7.62% of the firm's gross revenue from January 1, 2008 through May 17, 2011. (Response to Interr., Doc. 21, Ex. C, ¶ 8). Defendants also admit that debt collection was a part of Huff's duties as an attorney of Nestico, and the firm's website advertises her practice "*primarily in the areas of collections, debtors' and creditors' right, estate planning, estate administration, family law, and civil litigation.*" (Request for Adm., *Id.* at ¶¶ 4, 5) (emphasis added).

### b. Defendants are liable under the FDCPA

Defendants argue that under Pennsylvania law, venue would have been proper in Columbia County.[2]   However, the FDCPA preempts state law for venue purposes, so Columbia County was an improper venue.  *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1501 (D.N.M. 1994) (§ 1692i "preempts state law venue provisions"); *Dutton v. Wolhar*, 809 F.Supp. 1130, 1139 (D. Del. 1992), *aff'd by Dutton v. Wolpoff and Abramson*, 5 F.3d 649 (3d Cir. 1993).  Congress' purpose in passing the FDCPA was "to prevent debt collectors from bringing collection suits in forums located at great distances from debtors' residences." *Dutton*, 809 F.Supp. at 1139.

---

[2] Defendants contend that Magisterial District Judge Rule 302(H) provides that "if the magisterial district judge finds that venue is improper and there is a court of proper venue within Pennsylvania, the complaint shall not be dismissed but may be transferred to the court having proper venue." That argument is misplaced because state venue requirements do not apply to federal cases brought under the FDCPA.

The FDCPA is a "strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011). The language of the statute says "[a]ny debt collector who brings any legal action on a debt against any consumer shall bring such action only in a judicial district or similar legal entity" in which the contract was signed or the consumer resided at the commencement of the action. Thus, by the plain terms of the statute, Defendants violated it upon filing the action in Columbia County. *Martinez*, 867 F.Supp. at 1502 ("Filing suit in the wrong venue forms the basis of civil liability.") (citations omitted).

> Once the debt collector sues in the wrong venue, the consumer must defend, and the damage is done. *See Oglesby v. Rotche*, No. 93–C–4183, 1993 WL 460841, at *10 (N.D.Ill. Nov. 5, 1993) (holding that a violation of § 1692i is "in the nature of a statutory tort which is completed upon the filing of an action in an improper venue").

*Beeler-Lopez v. Dodeka*, 711 F. Supp. 2d 679, 681 (E.D. Tex. 2010). Thus, it makes no difference that Defendants voluntarily withdrew the complaint without prejudice a week after filing it. Once Defendants filed the underlying state court action, liability attached immediately.

Defendants have implicitly argued that there is no liability because Plaintiff suffered no injury (i.e. harmless error) because she did not have to travel to Columbia County to defend herself against the suit, but cite no case law for that proposition. In addition, although Defendants raised the defense of *bona fide* error in their Answer (Doc. 8), they did not in their motion or brief in opposition to Plaintiff's motion. Under the FDCPA, a *bona fide*

error is an affirmative defense that must be proved by the defendant by a preponderance of

the evidence. *See* 15 U.S.C. § 1692k(c). Defendants have not done so. Only clerical

errors have been recognized as falling within the *bona fide* error exception to liability, and

the Supreme Court has held that mistakes of law are not *bona fide* errors under the FDCPA.

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, --U.S. --, 130 S.Ct. 1605, 1611,

176 L.Ed.2d 519 (2010). Therefore, a mistaken belief that venue was proper in Columbia

County or ignorance of the contract's formation in Luzerne County will not shield

Defendants from liability under the FDCPA.

Plaintiff moved for summary judgment not only under § 1692i for improper venue, but

also under § 1692d because Defendants allegedly harassed, oppressed, or abused Plaintiff

while pursuing the collection of the debt, and § 1692f for allegedly unfair or unconscionable

means used to collect the debt. To the extent that Plaintiff is attempting to create three

causes of action (and therefore three separate violations), the Court grants Plaintiff's motion

for summary judgment on only § 1692i as the basis for Defendants' liability.

## IV.   Conclusion

The Court denies Defendants' motion for summary judgment (Doc. 24) and grants

Plaintiff's motion (Doc. 21) with respect to liability for violating 1692i only. The issue of

damages will be left to a jury. An appropriate order follows.

Robert D. Mariani
United States District Judge